UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ASIA BEAMON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:19-cv-506 |
| | ) |
| ALA'A HAMED | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion for Summary Judgment [DE 69] filed by the defendant, Ala'a Hamed, on December 30, 2021. For the following reasons, the Motion is **GRANTED in part and DENIED in part.**

*Background*

The plaintiff, Asia Beamon, filed this action against the defendant, Ala'a Hamed, individually, alleging violations of the Civil Rights Act, 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States Constitution, and Indiana state law.

The following facts pertaining to this lawsuit are undisputed: on the evening of July 27, 2019, the plaintiff was drinking with a friend in Lansing, Illinois when she received a call that her grandmother was on her way to the hospital. Despite knowing that it was against the law to drive after she had been drinking, the plaintiff decided to drive from Lansing to the hospital her grandmother was being taken to located in Lake County, Indiana. On her way to the hospital, the plaintiff was driving "pretty fast" and struck another vehicle causing a collision in which her vehicle flipped over and rolled a few times.

The defendant, an Indiana State Police Officer, was called to the scene of the accident. When he arrived, the plaintiff was stumbling in the roadway. The plaintiff also was speaking with slurred speech, had red glassy eyes, and had an overwhelming odor of alcoholic beverages coming from her breath. The plaintiff admitted that she had been drinking but when asked to submit to a breath alcohol test, she refused. The plaintiff eventually was taken to a nearby hospital to check for possible injuries caused by the accident.

Once the plaintiff arrived at the hospital, the parties' versions of events that followed are somewhat different. The defendant alleges that he was informed that the plaintiff was being difficult with medical staff, was yelling, being belligerent, and asked to stop. The defendant entered the plaintiff's hospital room, read her the implied consent, and asked her if she would consent to a chemical test. She refused. At this point, the defendant alleges, the plaintiff was under arrest. Both parties agree that the defendant then advised the plaintiff that he was going to obtain a search warrant to take her blood sample to which the plaintiff responded by swearing at him.

The parties also agree that a search warrant was obtained at about 4:25 a.m. After obtaining the warrant, a nurse attempted to take the plaintiff's blood, but she began "screaming, kicking, using belligerent language, and spat on the nurse." The defendant claims that he put his hand on the plaintiff's face to turn her in another direction so that if she spat again, it would have gone towards the floor or the wall. However, the plaintiff claims that the defendant punched her in the eye with a forceful, closed fist.

As a result of the above-described events, on December 30, 2019, the plaintiff filed a complaint against the defendant. The complaint alleged five violations of 42 U.S.C. § 1983: excessive force, illegal search, false arrest, denial of medical care, and Fourth Amendment

2

retaliation; and four Indiana state law claims: indemnification, intentional infliction of emotional distress, assault, and battery.[1]

In lieu of filing an answer, the defendant filed a Motion to Dismiss [DE 24] on August 17, 2020.  On February 22, 2021, the court granted the Motion in part [DE 39] and dismissed several of the claims. On December 21, 2021, the parties jointly moved to dismiss the illegal search, false arrest and denial of medical care claims. The only claims that remain are an § 1983 excessive force claim (Count I) and Indiana state law claims of intentional infliction of emotional distress (IIED) (Count VII) and battery (Count IX).  In the instant motion, the defendant is moving for summary judgment on the three remaining claims.  The plaintiff responded in opposition on January 31, 2022, and the defendant replied on February 22, 2022.

*Discussion*

Pursuant to **Federal Rule of Civil Procedure 56(a)**, summary judgment is proper only if it is demonstrated that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  ***Celotex Corp. v. Catrett***, 477 U.S. 317, 322–23 (1986); ***Garofalo v. Vill. of Hazel Crest***, 754 F.3d 428, 430 (7th Cir. 2014); ***Kidwell v. Eisenhauer***, 679 F.3d 957, 964 (7th Cir. 2012); ***Stephens v. Erickson***, 569 F.3d 779, 786 (7th Cir. 2009).  A fact is material if it is outcome determinative under applicable law.  The burden is upon the moving party to establish that no material facts are in genuine dispute, and any doubt as to the existence of a genuine issue must be resolved against the moving party.  ***Adickes v. S.H. Kress & Co.***, 398 U.S. 144, 160 (1970); ***Stephens***, 569 F.3d at 786.

When the movant has met its burden, the opposing party cannot rely solely on the allegations in the pleadings but must "point to evidence that can be put in admissible form at

---

[1] Formal criminal charges were not filed against the plaintiff until July 14, 2020, more than six months after this lawsuit commenced.

trial, and that, if believed by the fact-finder, could support judgment in [her] favor." *Marr v. Bank of America, N.A.*, 662 F.3d 963, 966 (7th Cir. 2011); *see also* *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (summary judgment is "the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events.")). The non-moving party cannot rely on conclusory allegations. *Smith v. Shawnee Library System*, 60 F.3d 317, 320 (7th Cir. 1995). Failure to prove an essential element of the alleged activity will render other facts immaterial. *Celotex*, 477 U.S. at 323; *Filippo v. Lee Publications, Inc.*, 485 F. Supp. 2d 969, 972 (N.D. Ind. 2007) (the non-moving party "must do more than raise some metaphysical doubt as to the material facts; she must come forward with specific facts showing a genuine issue for trial").

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986); *McDowell v. Vill. of Lansing*, 763 F.3d 762, 764-65 (7th Cir. 2014). The trial court must determine whether the evidence presented by the party opposed to the summary judgment is such that a reasonable jury might find in favor of that party after a trial. *Anderson*, 477 U.S. at 248; *Cung Hnin v. Toa, LLC*, 751 F.3d 499, 504 (7th Cir. 2014); *Wheeler v. Lawson*, 539 F.3d 629, 634 (7th Cir. 2008).

Addressing the state law claims first, the defendant argues that the plaintiff's claims for battery and IIED should be dismissed because she failed to comply with the notice requirement under the Indiana Torts Claims Act (ITCA). *See* *E.B. v. Gary Community School Corp.*, 2009 WL 10692472, at *4 (N.D. Ind. Oct. 2, 2009) (stating that "even when inapplicable to federal claims, notice provisions of the state Tort Claims Act will apply to pendent state court claims

made at the same time") (internal citations omitted).  Specifically, the defendant claims that the plaintiff did not file a Notice of Tort Claim (Notice).  In fact, the plaintiff testified that she was "not sure" and "could not recall" whether a Notice ever was filed in this case. [DE 69-1 at pg. 102-03].

Under Indiana law, "before a tort claim can proceed in court against an employee of the State of Indiana, the plaintiff must file a [Notice] as required by the [ITCA]." ***Pack v. Galipeau***, 2021 WL 5179951, at *4 (N.D. Ind. Nov. 8, 2021).  The ITCA provides that "a person may not initiate a suit against a governmental entity [or its employee] unless the person's claim has been denied in whole or in part." **IND. CODE § 34-13-3-13**. The ITCA gives the governmental entity ninety (90) days to "notify the claimant in writing of its approval or denial of the claim." **§ 34-13-3-11**. "A claim is denied if the governmental entity fails to approve the claim in its entirety within ninety (90) days." **§ 34-13-3-11**.  Thus, the claimant must wait at least ninety (90) days after the Notice is served before commencing a lawsuit. ***Orem v. Ivy Tech State Coll.***, 711 N.E.2d 664, 869 (Ind Ct. App. 1999).

The plaintiff's response is wholly based on the fact that since the summary judgment standard requires the movant to bear the initial burden of proof, it is the defendant's responsibility to offer proof that she did not file a Notice as required by the ITCA.  She further claims that "the [d]efendant's motion is completely devoid of any evidence that [she] failed to file a [Notice] or that her claim was filed untimely." Therefore, "there is no admissible evidence [for her] to rebut."

The plaintiff's interpretation of the summary judgment standard is correct, however, "[o]nce a defendant raises a failure to comply with the ITCA, the burden shifts to the plaintiff to prove compliance." ***Weaver v. Elkhart Community School Corporation***, 95 N.E.3d 97, 101

5

(Ind. App. Ct. 2018). "Indiana courts have consistently held that the failure to comply with the ITCA's notice requirements requires dismissal." *Twomey v. Land*, 2020 WL 6048138, at *5 (N.D. Ind. Oct. 13, 2020) (quoting *Weaver*, 95 N.E.3d at 101); *see also* *De Cola v. Starke County Commissioners*, 2019 WL 963307, at * 4 (Ind. Ct. App. 2019) (holding that "failure to comply with the ITCA's notice requirement is fatal to a claim and requires dismissal"). The plaintiff has not provided any evidence to rebut her testimony that she could not remember whether she had filed a Notice, nor has she provided any evidence to show her compliance with the ITCA's notice requirement.

Lastly, the plaintiff points to **Federal Rule of Civil Procedure 8(c)** and claims that it is too late for the defendant to raise this argument because "[i]n response to a pleading, a party must affirmatively state any avoidance or affirmative defense." **Rule 8(c)**. Therefore, she claims, since the defendant did not raise the defense of her failure to comply with the ITCA's notice requirement in his answer, he has waived it. But the plaintiff's argument is incorrect. The Seventh Circuit routinely has held that, in moving for summary judgment, "the moving party has the burden of either: (1) showing that there is an absence of evidence supporting an essential element of the non-moving party's claim; or (2) presenting affirmative evidence that negates an essential element of the non-moving party's claim." *Hummel v. St. Joseph Cty. Bd. Of Comm'rs*, 817 F.3d 1010, 1016 (7th Cir. 2016); *Tapley v. Chambers*, 840 F.3d 370, 376 (7th Cir. 2016). The defendant has shown that the plaintiff failed to provide the required Notice under the ITCA, an essential element of the plaintiff's state law claims. Therefore, the defendant is entitled to summary judgment on Counts VII (IIED) and IX (battery).

The only remaining claim in this case is the § 1983 excessive force claim. "Determining whether force used to effect a particular seizure is reasonable requires balancing of the

individual's Fourth Amendment interests against the relevant government interests." *County of Los Angeles Calif. v. Mendez*, 137 S.Ct. 1539, 1546 (2017). The inquiry is one of objective reasonableness, for "the reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene …" *Mendez*, 137 S.Ct. at 1546 (internal quotations and citations omitted). Before the court can undertake such an analysis, it first must be determined that the facts giving rise to the claim are undisputed, but here they are not.

In her claim for excessive force, the plaintiff acknowledges that she was "passively resisting" the blood draw by the nurse, but she claims that the force used by the defendant in response was excessive and therefore unjustified. The defendant claims that it is undisputed that after the plaintiff spat on the nurse, he turned her face in the other direction so that if she were to spit again, it would go towards the wall or the floor. The plaintiff, however, claims that after she spat on the nurse, the defendant punched her in the eye with a forceful, closed fist. As a result, her eye began to swell and close, and eventually she was diagnosed with a right orbital floor fracture and possible entrapment of the inferior rectus. Days after the incident, the plaintiff had to have surgery to repair the right orbital floor.

As explained above, in moving for summary judgment, it is the movant's burden to prove that there is no genuine dispute of material fact. In response, the opposing party cannot rely solely on allegations in the pleadings to create a genuine dispute but must point to evidence that could be admissible at trial to support the existence of a genuine dispute, and therefore the denial of summary judgment. *Marr*, 662 F.3d at 966. Here, the plaintiff testified that the defendant "punched [her] in the eye" with a "closed fist" "after her interaction with the nurse." [DE 74-1 at pg. 109]. Additionally, during an interview with medical staff during her intake at Lake County

Jail, the plaintiff was asked how she sustained her injuries to which she responded that she was "in a car accident and an officer punched [her]." [DE 80].

The defendant's argument focuses on the "undisputed factual record" which shows that the blood draw was the product of a properly executed search warrant. However, there is a factual dispute as to whether the defendant simply turned the plaintiff's face after she spat on the nurse or whether the defendant punched the plaintiff in the eye with a closed fist. If an officer punches a restrained suspect, that force cannot be reasonable.

Since material facts remain at dispute in this case, the court need not address the legal issue of immunity at this time.

Based on the foregoing reasons, the Motion [DE 69] is **GRANTED in part and DENIED in part.** The court **DISMISSES** Counts VII and IX of the Complaint. ENTERED this 29th day of March, 2022.

/s/ Andrew P. Rodovich
United States Magistrate Judge